FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 31 2008

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## Atlanta Division

| | |
|---|---|
| **JAMES B. STEGEMAN,** **JANET D. MCDONALD,** **Plaintiffs** | **CIVIL ACTION** **FILE NO: 1:08-CV-01971-WSD** |
| vs. | |
| **SUPERIOR COURT et., al.,** **Defendants** | |

## PLAINTIFFS' MOTION TO RECUSE OR DISQUALIFY

COMES NOW the above named Plaintiffs, James B. Stegeman and Janet D. McDonald and timely moves to recuse/disqualify Judge William S. Duffey, Jr. from the above entitled matter pursuant to U.S.C. 28 §455.

Plaintiffs file their Brief In Support contemporaneously herewith.

Respectfully submitted this 30th day of July, 2008,

By: [signature]
JAMES B. STEGEMAN, Pro Se
821 Sheppard Rd.
Stone Mountain, GA  30083
(770) 879-8737

By: [signature]
JANET D. MCDONALD, Pro Se
821 Sheppard Rd.
Stone Mountain, GA  30083
(770) 879-8737

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA,
## Atlanta Division

| | |
|---|---|
| JAMES B. STEGEMAN, § | |
| JANET D. MCDONALD, § | |
| Plaintiffs § | CIVIL ACTION |
| vs. § | FILE NO.: 1:08-cv-1971-WSD |
| § | |
| SUPERIOR COURT, et., al., § | |
| Defendants § | |

## CERTIFICATE OF SERVICE

I Certify that I have this 30th day of July, 2008, served a true and correct copy of the foregoing *Plaintiffs' Motion and Brief In Support of Motion To Recuse or Disqualify* upon Defendants, through their attorney on file by causing to be deposited with U.S.P.S., First Class Mail, proper postage affixed thereto, addressed as follows:

**Daniel S. Reinhardt**
Troutman Sanders, LLP
Bank of America Plaza – Suite 5200
600 Peachtree Street, NE
Atlanta, GA 30308-2216

**Devon Orland**
State of Georgia Dept. of Law
40 Capitol Square, S.W.
Atlanta, GA 30334-1300

JAMES B. STEGEMAN, Pro Se

JANET D. MCDONALD, Pro Se
821 Sheppard Rd.
Stone Mountain, GA 30083
(770) 879-8737

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 31 2008

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| JAMES B. STEGEMAN,<br>JANET D. MCDONALD,<br>**Plaintiffs**<br><br>vs.<br><br>SUPERIOR COURT et., al.,<br>**Defendants** | CIVIL ACTION<br>FILE NO: 1:08-CV-01971-WSD |

## PLAINTIFFS' BRIEF IN SUPPORT OF
## MOTION TO RECUSE OR DISQUALIFY

Plaintiffs file this Brief in Support of Plaintiffs Motion to Recuse or Disqualify Judge William S. Duffey, Jr. pursuant to U.S.C. §455, and *Marshall v. Jerrico Inc.*, 446 US 238, 242, 100 S.Ct. 1610, 64 L. Ed. 2d 182 (1980).

> "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. See *Mathews v. Eldridge*, 424 U.S. 319, 344 (1976)..., by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him."

The above is applicable to this court by application of Article VI of the United States Constitution and *Stone v Powell*, 428 US 465, 483 n. 35, 96 S. Ct.

3037, 49 L. Ed. 2d 1067 (1976). "State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law."

The facts as stated clearly satisfies the standards of the statute since any reasonable person, apprised of these circumstances, would reasonably question the Court's impartiality. See *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed. 2d 474 (1994). The plain language of 28 U.S.C. 455(b)(2) is clear:

> 28 U.S.C. 455(b)(2):
> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

I.  **FACTS**

As the Defendants were quick to point out to the court, Plaintiff Stegeman [1] has twice been before Judge Duffey. The first was a case Removed from Superior Court by Defendants:[2] Civil Action File No.: 1:06-cv-247-WSD, *Stegeman/McDonald v. Wachovia Bank, N.A., et., al..*[3] The second case, Civil Action File No.: 1:06-cv-2954-WSD, *Stegeman v. Georgia, et., al.,* is currently before the Eleventh Circuit Court of Appeals, Appeal No.: 07-13540-BB.

In the following, Plaintiffs show that Judge Duffey, Jr. is either bias and prejudice against Pro Se litigants, against disabled pro se litigants, or against

---

[1] a disabled adult proceeding Pro Se
[2] Judge Duffey Remanded the case.
[3] Referred to hereinafter as "Wachovia"

Plaintiff Stegeman personally; and that a disinterested lay observer would doubt the judge's impartiality.

> "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality...to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. ***Liteky v. U.S.***, 114 S.Ct. 1147, 1162 (1994).

> "...an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality". See ***Parker v. Connors Steel Co.***, 855 F.2d 1510 (11th Cir.) (1988) citing ***Potashnick v. Port City Const. Co.***, 609 F.2d 1101, 1111 (5th Cir.), cert. denied, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed. 2d 22 (1980).

> "justice must give the appearance of justice" ***Levine v. United States***, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing ***Offutt v. United States***, 348 U.S. 11, 14, 75 S. Ct. 11, 13 (1954).

### A.  **The Wachovia Case**

Plaintiffs acting pro se, had shown through documented evidence the following facts to Judge Duffey before the case was Remanded to Superior Court. Wachovia had purposely violated procedures in both Superior Court and U.S. District Court, had improperly Removed the case,[4] and had defaulted in both

---

[4] Judge Duffey's Remand Order clearly stated that the case had been "improperly removed", but failed to state the grounds for which he considered the case "improperly removed". Plaintiffs showed that on the 30th day after being served with Summons and Complaint, Wachovia had intentionally filed Notice of Removal to the wrong Judge and thereby had not actually Removed the case.

Courts; Judge Hunter acting without jurisdiction, closed with strict stipulations to reopen, the Superior Court case while Removal was pending; Judge Hunter had allowed several procedural violations before Wachovia filed Notice of Removal.

Judge Duffey failed to address these issues and failed to state pertinent facts in his Remand Order, thereby allowing the Superior Court to also ignore the same facts. Judge Duffey's actions and/or inactions resulted in Wachovia's ability to further manipulate Superior Court and processes of the Court; and further violations of the Due Process Clause by both Wachovia and Superior Court.

> "The Due Process Clause serves two purposes…One is to produce, through the use of fair procedures to prevent the wrongful deprivation of interests; …the other is a guarantee of basic fairness, i.e.: to make people feel that they have been treated fairly." ***Lectric Law Library*** http://www.lectlaw.com

### B. <u>Stegeman v. Georgia, et., al.,</u>

Plaintiff Stegeman, a Federally disabled adult, having been denied liberty and property interests, meaningful access to the Courts, denied Rights and Immunities, filed suit against the State of Georgia and other entities as a Pro Se litigant.

---

Further, Wachovia failed to file a timely pleading with their Notice of Removal which was also improper, Plaintiffs filed Motion for Default which was ignored, and the Remand Order failed to say anything about the failure to file a timely pleading.

-4-

Plaintiff Stegeman provided unrebutted evidence to the Court that he had been denied Programs for which he was qualified that would have protected his interests. Stegeman is a disabled person, thereby a member of a protected class. Judge Duffey's Order and Opinion dismissing the case denied [5] Stegeman's disabilities.

Numerous times Plaintiff Stegeman requested appointment of counsel, at one point Stegeman requested that the appointment be for the sole purpose of asking legal questions to; all requests were ignored.

Plaintiff Stegeman filed Motion to Waive Pacer fees only for viewing his own case. Seven months after filing the Motion, when the case was dismissed, Judge Duffey DENIED the Motion. The Motion was Denied saying:

> "Plaintiff requests…exempting him from payment of PACER User Fees…Pro se litigants are required to file documents with the Court in paper form. If Plaintiff desires free access to the electronic docket, it is available at the Clerk's Office."

In other words, Stegeman's disability status and physical limitations didn't matter and that he could go downtown to keep up with his case even though other

---

[5] Judge Duffey refused to address the disability altogether. This could be for several reasons; Stegeman had asked for the appointment of counsel which Judge Duffey never addressed; Stegeman showed that statute of limitations should be tolled for multiple disabilities; Stegeman had shown that he had attempted to gain legal assistance through every entity that provides legal-aid or pro bono services and had been turned down.

Plaintiffs can afford to keep up with their case via computer access. Judge Duffey treated Stegeman differently than others in similar situations.

Judge Duffey sits on the Supreme Court's Equal Justice Commission Committee On Civil Justice. The "Minutes" of the December 4, 2006 Meeting:

> "...in August 2006, the ABA endorsed the right to counsel in certain civil cases, also known as the civil Gideon...The kinds of cases of which the ABA endorses a civil right to counsel..."
> "The ABA's principles endorse the inclusions of all persons in a state's system for the delivery of civil legal aid, including ...the disabled...vulnerable populations..."
> "Fourth,...promote ...the judiciary and court personnel in reforming rules, procedures and services to expand and facilitate access to justice...to support *pro se* litigants."
> "Clients that most touch the public's sympathy are children,...and the disabled."
>
> "Ms. Fairbanks...defined an equal justice community as 'a group of individuals and organizations united through common, expressed vision and a shared set of values, who are bound together by a sense of fidelity to the promise of justice and equality, and who are willing to put personal, professional and organizational allegiances aside in pursuit of a common justice ideal.'"
>
> "An equal justice community requires...'You have to walk the walk, not just talk the talk.'".

The January 26, 2007 Meeting Minutes:

> "Judge Duffey believed that it would greatly benefit the system if pro se individuals were represented in court."
> "Judge Duffey...expressed doubt as to the wisdom of providing free legal service in the justice system."

From the Minutes of May 23, 2007:

"The final vision statement is as follows:

'The cornerstone of a free society is a population that has faith that its legal system will assist them in their daily lives and a judiciary that will resolve disputes in a fair and impartial manner. We envision a civil legal assistance system which is inclusive, responsive and accountable to the needs of all. To be responsive, each person should have timely access to services, information and tools to promote their interest and present their case to an informed, responsible and accountable judiciary.'"

Judge Duffey's Order and Opinion dismissing the case shows obvious prejudice/bias against pro se litigants, and/or discrimination against disabled persons, and/or personal prejudice/bias against Plaintiff Stegeman. In District Court especially, the Court most often addresses when a litigant is Pro Se and/or disabled, the Judge will usually reference or state something similar to:

"Based on these allegations and in deference to Plaintiff's pro se status, the Court finds..." ***Howard v. Wiley, et., al.,*** N.D.Ga. 1:06-CV-00648-TWT (2007), pg.6

"The Court has construed Plaintiff's claims liberally in view of Plaintiffs' pro se status." ***Stanley v. Stready,*** N.D.Ga. 1:05-cv-02057-WSD (2006), pg.5 fn6

When addressing a litigant that is *not* a person within a protected class:

"Plaintiff is not a member of a class that is afforded special protection under...or that Congress intended to protect when it passed the statute." ***Sanders v. Langley,*** N.D.Ga. 1:03-CV-01631-WSD (2006), pg.13, fn7

-7-

Plaintiff Stegeman filed Notice of Appeal to The United States Eleventh Circuit Court of Appeals, then filed Motion To Proceed On Appeal In Forma Pauperis. Judge Duffey, Jr. denied the Motion on the grounds of frivolous. The Appeal is currently pending, Plaintiffs believe this gives Judge Duffey a personal interest in the present case.[6]

### C. Constitutional Rights

The history of bias and prejudice against pro se litigants within the Courts is long. Stephen Elias who had been with Nolo Press, the nation's leading publisher of self-help law books, back in 1997, in an article *Bias Against Pro Per Litigants...* stated:

> "From the moment they first contact the court system, most people who want to represent themselves, without a lawyer, encounter tremendous resistance. Within the closed universe of the courts, this bias is as pernicious as that based on race, ethnic origins or sex."
>
> "People who cannot afford a lawyer are a rebuke to the organized bar's monopoly..., because that monopoly is morally—if not legally—justified...the ABA has admitted that 100 million Americans can't afford lawyers."
>
> "... the right to file a lawsuit pro se is one of the most important rights under the constitution and laws." *Elmore v. McCammon* (1986) 640 F. Supp. 905

---

[6] Judge Becker's personal interest caused Dismissal of Plaintiffs' Superior Court case in retaliation against Plaintiffs

At present, Plaintiffs still believe in the judicial system in this Country, in their pursuit of truth and justice, and their quest to seek redress within the Court systems, they have continually been denied meaningful access to the Courts.

> "Redress: to set right, remedy or rectify... to make a fair adjustment; to see that justice is done". - ***Webster's New World Dictionary***
>
> Justice Bradley in ***Boyd v. United***, 116 U.S. 616 at 635 (1885): " It is the duty of the Courts to be watchful for the Constitutional Rights of the Citizens, and against any stealthy encroachments thereon. Their motto should be Obsta Principiis."
>
> "It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgement in our constitutional jurisprudence. No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution." ***Downs v. Bidwell***, 182 U.S. 244 (1901)
>
> "It is the only supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives." ***U.S. v. Lee***, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)

## CONCLUSION

The above paragraphs show that Judge Duffey has an obvious bias/prejudice against pro se litigants; and perhaps a bias/prejudice against disabled pro se litigants; or maybe just a personal bias/prejudice against Plaintiff Stegeman or both Plaintiffs.

Further, the above mentioned Judge has deliberately violated disabled Plaintiff Stegeman's Rights and personal liberties and/or has wantonly refused to provide due process and equal protection to both Stegeman and McDonald in a manner inconsistent with that which is needed for full, fair, impartial hearings before an unbiased, unprejudiced tribunal. The United States Constitution guarantees an unbiased Judge who will always provide litigants with full protection of ALL RIGHTS.

Therefore, Petitioners respectfully Moves Judge Duffey, Jr. to recuse/disqualify himself.

Respectfully Submitted this 30th day of July, 2008,

By: _____
JAMES B. STEGEMAN, Pro Se
821 Sheppard Rd.
Stone Mountain, GA 30083
(770) 879-8737

By: _____
JANET D. MCDONALD, Pro Se
821 Sheppard Rd.
Stone Mountain, GA 30083
(770) 879-8737

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA,
Atlanta Division

| | |
|---|---|
| JAMES B. STEGEMAN, <br> JANET D. MCDONALD, <br> Plaintiffs <br> vs. <br><br> SUPERIOR COURT, et., al., <br> Defendants | § § § § § § § <br><br> CIVIL ACTION <br> FILE NO.: 1:08-cv-1971-WSD |

## CERTIFICATE OF SERVICE

I Certify that I have this 30th day of July, 2008, served a true and correct copy of the foregoing *Plaintiffs' Motion and Brief In Support of Motion To Recuse or Disqualify* upon Defendants, through their attorney on file by causing to be deposited with U.S.P.S., First Class Mail, proper postage affixed thereto, addressed as follows:

**Daniel S. Reinhardt**
Troutman Sanders, LLP
Bank of America Plaza – Suite 5200
600 Peachtree Street, NE
Atlanta, GA 30308-2216

**Devon Orland**
State of Georgia Dept. of Law
40 Capitol Square, S.W.
Atlanta, GA 30334-1300

_____
JAMES B. STEGEMAN, Pro Se

_____
JANET D. MCDONALD, Pro Se
821 Sheppard Rd.
Stone Mountain, GA 30083
(770) 879-8737

- 11 -