## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES B. STEGEMAN and
JANET D. MCDONALD,

                 **Plaintiffs,**

    **v.**                                                        **1:08-cv-1971-WSD**

**SUPERIOR COURT STONE
MOUNTAIN JUDICIAL CIRCUIT,
<u>et al.</u>,**

              **Defendants.**

## <u>OPINION AND ORDER</u>

The matter is before the Court on the Motion to Dismiss by Special

Appearance filed by the Honorable Cynthia Becker and the Superior Court of the

Stone Mountain Judicial Circuit (the "Court Defendants") [2], the Motion to

Dismiss filed by Georgia Power Company, Scott A. Farrow and Brian P. Watt (the

"Georgia Power  Defendants") [3], Plaintiff James B. Stegeman's and Janet D.

McDonald's ("Plaintiffs") Motion to Recuse or Disqualify [13], the Motions to

Stay filed by the Defendants [15, 16].

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This action centers on Plaintiffs' suit in the DeKalb County Superior Court against Georgia Power Company ("Georgia Power") for its alleged trespass on Plaintiffs' property to trim trees around power lines in an easement (the "DeKalb Easement Action").[1]  Georgia Power filed counterclaims against Plaintiffs for

---

[1] Plaintiff Stegeman has appeared before this Court twice before.  Stegeman filed a previous action in this Court styled Stegeman v. State of Georgia, et al., No. 1:06-cv-2954-WSD (N.D. Ga. 2006) (the "Georgia Case").  In that action, Stegeman claimed violations of his civil rights in connection with the appointment by the DeKalb County Probate Court of a guardian for Stegeman's elderly aunt Jean Caffrey.  Plaintiff claimed he improperly was charged with elder abuse and financial fraud and that the defendants in the Georgia Case wrongfully revoked his Power of Attorney for Ms. Caffrey.  Stegeman asserted state officials and the Probate Court judge violated his constitutional rights.  He brought claims against the defendants under 42 U.S.C. §§ 1983 and 1985(3).  He also brought state law claims for malicious abuse of process and prosecution, common law conspiracy, negligent and intentional infliction of emotional distress and defamation – claims similar to those asserted in this case.  On July 16, 2007, the Court dismissed the Georgia Case.  On August 26, 2008, the Eleventh Circuit affirmed this Court's dismissal of the Georgia Case.  See Stegeman v. State of Georgia, et al., No. 07-13540 (11th Cir. Aug. 26, 2008).

Wachovia Bank filed an action in the DeKalb County Superior Court against Plaintiffs Stegeman and McDonald for accounting and damages regarding an investment account in which Plaintiff Stegeman and his aunt Caffrey were joint tenants.  Plaintiffs asserted a variety of counterclaims alleging their rights were violated and assets improperly taken.  The parties settled this litigation.  Plaintiffs refused to conclude the settlement, however, and the litigation continued.  Unsatisfied with the result of the matter, Plaintiffs Stegeman and McDonald brought a separate pro se action in the DeKalb County Superior Court against Wachovia and several other defendants.  Plaintiffs' many claims included breach of contract, grand larceny, fraud and conspiracy.  Wachovia removed the action to

declaratory judgment and injunctive relief on the basis that Georgia Power possesses a valid easement on Plaintiffs' property.  On June 11, 2008, DeKalb Superior Court Judge Cynthia J. Becker dismissed Plaintiffs' Verified Complaint as a result of Plaintiffs' failure to appear at a duly noticed motions hearing and for their failure to appear at depositions as ordered by the Court.  Pls.' Br. in Resp. to Defendants Superior Court and Judge Becker's Pre-Answer Mot. to Dismiss ("Pls.' Br.") at Exh. A.  When the Superior Court ordered Plaintiffs to appear at their depositions, the Court warned Plaintiffs that their failure to appear would result in their action being dismissed.  Id.  Georgia Power's counterclaims remain pending. Id.

On June 9, 2008, two weeks after they failed to appear at their motions hearing and to be deposed, Plaintiffs filed this action.  In this case, Plaintiffs essentially complain about the manner in which in the DeKalb Easement Action has been litigated.  Plaintiffs claim they "are victims of Civil and Constitutional Rights violations, conspiracy to perform an 'illegal taking' of property without due process of law or Constitutionally mandated compensation."  Compl. at 2.

---

this Court on the basis of diversity jurisdiction.  See Stegeman v. Wachovia Bank, No. 1:06-cv-0242-WSD (N.D. Ga. 2006) (the "Wachovia Case").  On April 4, 2006, the Court remanded the Wachovia Case for lack of jurisdiction.

Plaintiffs further allege the "results of Defendant's [sic] acts are the loss of faith in Georgia's legal system, physical, emotional and financial injury; damage to the Plaintiffs by virtue of the facts alleged herein." Id.

This action is brought against the Superior Court Stone Mountain Judicial Circuit, Judge Cynthia J. Becker, in her individual capacity, Georgia Power Company, Brian P. Watt, and Scott Farrow. Defendants Watt and Farrow are Georgia Power's outside counsel, employed by the Troutman Sanders, LLP law firm in Atlanta. Defendants Watt and Farrow represent Georgia Power in the DeKalb Easement Action.

Plaintiffs claim the Defendants fabricated or manufactured documents which were entered in the DeKalb Easement Action. Plaintiffs allege documents were wrongfully created to support the existence of an easement which burdens Plaintiffs' property. Plaintiffs contend the easement does not exist, and thus Georgia Power trespassed when it entered on Plaintiffs' property to trim trees near Georgia Power's power line. Plaintiffs assert in Counts One and Two equal protection claims under 42 U.S.C. §§ 1982 and 1983. Plaintiffs allege, inter alia:

1. The Superior Court "has refused to treat the Plaintiffs with Equal Rights." Compl. ¶ 94.

2. The "Court treated Defendant's [sic] counsel and Plaintiffs differently." Id. ¶ 95.

3. The "Court has treated Plaintiffs with bias and prejudice." Id. ¶ 96.

4. The "Court refused to timely file Plaintiffs' mailed in Motions and Documents thereby forcing Plaintiffs to hand-deliver every filing." Id. ¶ 97.

5. "Both the Law Clerk and Calendar Clerk advised and aided opposing counsel, while neither clerk would even return calls to Plaintiffs." Id. ¶ 99

In Count Three of their Verified Complaint, Plaintiffs allege the Defendants engaged in a conspiracy to violate Plaintiffs' constitutional rights. Plaintiffs claim the conspiracy is in violation of 42 U.S.C. §§ 1983 and 1985(3).

In Count Four, Plaintiffs allege the Defendants engaged in malicious abuse of process in seeking to have the DeKalb Easement Action dismissed.

In Count Five, Plaintiffs allege "Obstruction of the Administration of Justice." Finally, in Count Six, Plaintiffs allege "Negligent and Intentional Infliction of Emotion [sic] Distress" on the ground that "[a]ll Defendants' conduct is utterly intolerable in a civilized community[.]" Compl. ¶ 160.

Defendants Cynthia J. Becker and the Superior Court of the Stone Mountain Judicial Circuit moved to dismiss Plaintiffs' Verified Complaint on the grounds that because the DeKalb Easement Action remains pending, the Rooker-Feldman

doctrine precludes this Court from exercising jurisdiction over the dispute, or the Court should exercise its discretion under <u>Younger v. Harris</u> not to assert its jurisdiction over this dispute.  The Defendants also argue that Judge Becker is entitled to judicial immunity, the Superior Court of the Stone Mountain Judicial Circuit is entitled to Eleventh Amendment immunity, the Superior Court of the Stone Mountain Judicial Circuit is not a person within the meaning of 42 U.S.C. §§ 1982, 1983, 1985, 1986 and 1988, and sovereign immunity bars Plaintiffs' state law claims.

Defendants Georgia Power, Farrow and Watt also moved to dismiss on the grounds that Plaintiffs do not have a cognizable claim against them under 42 U.S.C. § 1983 because Plaintiffs (i) do not allege that the Georgia Power Defendants acted under color of state law; (ii) fail to allege deprivation of a constitutionally-protected right; (iii) fail to allege constitutionally-inadequate process; (iv) and fail to state a conspiracy claim under 42 U.S.C. § 1985(3).  The Georgia Power Defendants also move to dismiss Plaintiffs' claims under the <u>Rooker-Feldman</u> doctrine and the <u>Younger</u> abstention doctrine.  Finally, the Georgia Power Defendants allege the malicious abuse of process, obstruction of

administration of justice, and intentional infliction of emotional distress claims do not state a claim as a matter of law.

On July 31, 2008, Plaintiffs filed their Motion to Recuse or Disqualify the Court in this action [13].  Plaintiffs claim the Court is not impartial and thus is required to disqualify itself pursuant to 28 U.S.C. § 455(b)(2).  Plaintiffs claim that the results of the two actions previously decided by the Court and in which Plaintiff Stegeman was a party show that "Judge Duffey, Jr. is either bias and [sic] prejudice against Pro Se litigants, against disabled pro se litigants, or against Plaintiff Stegeman personally; and that a disinterested lay observer would doubt the judge's impartiality."  Pls.' Mot. to Recuse [13] at 2-3.

Plaintiffs' recusal motion is based on Plaintiffs' claim that the Court did not satisfactorily consider all of the issues presented in the Wachovia and Georgia cases.  Plaintiffs argue, confusingly, that the Court did not fully address certain unspecified issues raised by Plaintiff Stegeman in the Wachovia Case, which "resulted in Wachovia's ability to further manipulate Superior Court and processes of the Court; and further violations of the Due Process Clause by both Wachovia and Superior Court."  Id. at 3-4.  Plaintiffs assert this claim even though the Court

found it did not have jurisdiction over the Wachovia Case and remanded it to the state court, as Stegeman requested.

In the Georgia case, Plaintiff Stegeman claims that in granting Defendants' motion for summary judgment the Court denied Stegeman's disabilities, refused to appoint counsel to represent Stegeman, and refused to waive Pacer fees.  In support of an argument that the Court is biased against <u>pro se</u> litigants, Plaintiffs note that Judge Duffey is a member of Georgia Supreme Court's Equal Justice Commission Committee on Civil Justice (the "Civil Justice Committee").  Citing the minutes of the January 26, 2007 meeting of the Civil Justice Committee, Plaintiffs note that the Court expressed the opinion at the meeting that "it would greatly benefit the system if pro se individuals were represented in court."  <u>Id.</u> at 6.  Plaintiffs apparently contend this quoted statement supports the argument that the Court is biased against <u>pro se</u> litigants.  Finally, Plaintiffs state that the Georgia Case is on appeal to the Eleventh Circuit and that this appeal in an unrelated case "gives Judge Duffey a personal interest in the present case."  <u>Id.</u> at 8.[2]

---

[2]  Now that the appeal has been decided, this ground is moot.

-8-

## II.   DISCUSSION

### A.   <u>Plaintiffs' Motion for Recusal</u>

Federal law requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a), (b).[3] Recusal is required only where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubts about the judge's impartiality . . . ." <u>United States v. Patti</u>, 337 F.3d 1317, 1321 (11th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1149 (2004) (internal citations and quotation marks omitted). Objective circumstances, rather than a movant's unsubstantiated allegations, control whether recusal is required. <u>United States v. Cerceda</u>, 188 F.3d 1291, 1293 (11th Cir. 1999). "[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is. A judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." <u>Carter v. West Publ'g Co.</u>, No. 99-11959-EE, 1999 WL 994997, at *2 (11th Cir. Nov. 1, 1999) (internal citations and quotation marks omitted). A

---

[3] The statute also requires recusal in certain specific circumstances, none of which apply here. Plaintiffs rely on the impartiality provision. Pls.' Br. in Supp. of Mot. to Recuse [13] at 2.

judge's adverse rulings against a party in the course of proceedings and a judge's normal trial administration efforts are not grounds for recusal.  <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).  Recusal is a matter committed to the sound discretion of the Court.  <u>Phillips v. Joint Legislative Comm. on Performance & Expenditure Review</u>, 637 F.2d 1014, 1021 (5th Cir. 1980), <u>cert. denied</u>, 456 U.S. 960 (1982).

There are no grounds for the Court to recuse in this case.  Plaintiffs argue three basic grounds for recusal.  First, they speculate that the Court's remand of the Wachovia Case did not address alleged procedural violations and did not "state pertinent facts in" the Court's remand order.  This, Plaintiffs claim, allowed the "Superior Court to also ignore the same facts," and "resulted in Wachovia's ability to further manipulate Superior Court and processes of the Court."  Pls.' Br. in Supp. of Mot. to Recuse at 4.  Plaintiffs fail to identify any specific issue that was not addressed or facts that were ignored, and Plaintiffs do not acknowledge that the Court's remand resulted in returning the case to the state court in which Plaintiffs filed originally.  Plaintiffs do not contend the remand was improper – rather they allege that upon remand Plaintiff Stegeman was not treated properly by the state court.  These obtuse arguments do not provide grounds for recusal.

Next Plaintiffs complain about the Court's decision – which was adverse to Plaintiff Stegeman – in the Georgia Case.  Plaintiffs essentially object to the results reached in the Court's order entered on July 16, 2007 dismissing Plaintiff Stegeman's claims arising out of the DeKalb County Probate Court's decision to appoint a guardian for Plaintiff's elderly aunt.  The law is clear that a judge's adverse rulings against a party are not usually grounds for recusal.  Liteky, 510 U.S. at 555.  The Court's adverse ruling against Stegeman in another action does not provide sufficient basis for recusal in this case.  Moreover, this Court's rulings against Stegeman were affirmed on appeal.

Plaintiff Stegeman also complains about the Court's decision not to appoint legal counsel to represent him in the Georgia Case, and he complains about the Court's refusal to grant Plaintiff Stegeman's request for a waiver of Pacer fees. Plaintiff Stegeman claims this shows the Court's bias against pro se litigants, and him specifically.  The Court is not required to appoint counsel for a civil litigant and does not have the resources to provide lawyers to all pro se plaintiffs who assert civil claims.  Plaintiffs' suggestion that not having access to Pacer shows the Court's bias against pro se litigants is similarly specious.  Stegeman was and is mailed a copy of all filings in this case and past cases in which he was involved,

-11-

and the Court provides pro se litigants with free access to the electronic filing system in the Office of the Clerk of Court.

Finally, Plaintiffs claim that a statement made by the Court and referenced in the minutes of January 26, 2007, meeting of the Civil Justice Committee indicates the Court's bias against pro se litigants.  The charge of the Civil Justice Committee, on which the Court serves at the invitation of the Chief Justice of the Supreme Court of Georgia, is to evaluate how to provide legal representation to impoverished citizens in certain classes of civil cases filed in the state courts in Georgia.  The Court expressed on numerous occasions the need to assist the indigent with legal representation when circumstances allow.  The work of the committee and the Court's participation does not evidence any bias against pro se litigants, and to suggest otherwise is disingenuous.

An objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal is sought in this matter would not entertain significant doubts about this Court's impartiality.  Patti, 337 F.3d at 1321. While Plaintiffs may subjectively believe the Court is biased, subjective belief is not the test.  Objective circumstances simply do not require recusal in this action. Cerceda, 188 F.3d at 1293.

**B.**     <u>**The Motions to Dismiss**</u>

This action arises from a case filed by Plaintiffs in the Superior Court of

DeKalb County.  In the DeKalb Easement Action, Plaintiffs challenged Georgia

Power's exercise of rights to enter an easement on Plaintiffs' property to trim trees

around power lines.  Plaintiffs claimed Georgia Power trespassed on their property.

Georgia Power's counterclaims for declaratory judgment and injunctive relief seek

to adjudicate their tree pruning rights in the easement.  Plaintiffs filed a significant

number of motions and other filings and requested a hearing before Judge Becker.

The hearing was set by Judge Becker for May 27, 2008.  Although Plaintiffs had

requested the hearing and had notice of it, they did not appear.

On May 28, 2008, Judge Becker ordered Plaintiffs to appear to be deposed

on June 4, 2008.  Plaintiffs were given notice of the deposition order, but again

failed to appear, even though they were informed by Judge Becker that failure to

appear would result in the dismissal of their claims.  After Plaintiffs had failed to

attend the discovery motion hearing and failed to appear for their depositions,

Judge Becker dismissed Plaintiffs' claims.

Just before the dismissal was entered on June 11, 2008, Plaintiffs filed this

action in federal court.  Plaintiffs essentially contend that the state court

proceedings were corrupt and that Defendants had manipulated Plaintiffs in the state court litigation.  They alleged the trial judge, the Stone Mountain Judicial Circuit Court as a whole, and Georgia Power and its litigation counsel conspired to abuse Plaintiffs in the litigation process.  In claiming they were not dealt with fairly in the state court system, Plaintiffs allege their Fourth, Fifth and Fourteenth Amendment rights were violated and assert claims in this action under 42 U.S.C. §§ 1982, 1983 and 1985(5).  Plaintiffs are dissatisfied with the process and results in the state court litigation.  Plaintiffs claim they are entitled to invoke the Court's federal question jurisdiction because their federal constitutional rights have been violated.  The Defendants contend, among other things, that the Rooker-Feldman doctrine prohibits this action, or that the Court should abstain from asserting jurisdiction under the Younger abstention doctrine.

### 1.    The Rooker-Feldman Doctrine

"The Rooker-Feldman doctrine places limits on the subject-matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation."  Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  It provides that federal courts, other than the United States

Supreme Court, do not have authority to review the final judgments of state courts. Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000).

"The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." Id. "A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Id. (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987)); Crutchfield v. Countrywide Home Loans, 389 F.3d 1144, 1147 (10th Cir. 2004) (stating the Rooker-Feldman doctrine "prohibits a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.") (internal quotation marks omitted).

The Eleventh Circuit established a four-part test for determining whether the Rooker-Feldman doctrine applies:

> Rooker-Feldman bars lower federal court jurisdiction where four criteria are met: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either

adjudicated by the state court or was inextricably intertwined with the
state court's judgment.

Amos v. Glynn County Board of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th

Cir. 2003) (internal citations omitted).  Where a plaintiff's claims satisfy the four

criteria set out by the Eleventh Circuit, the federal court must dismiss these claims

for lack of jurisdiction.  Goodman, 259 F.3d at 1334.

Upon applying the Rooker-Feldman doctrine strictly to this action, it appears

the doctrine does not apply.  The Superior Court has not entered a final order and,

to the extent Plaintiffs complain in this action about the manner in which they were

treated in the DeKalb Easement Action, they have not sought relief in the state

court proceedings or through its appellate processes.  There simply has not been an

adjudication of the various constitutional claims Plaintiffs purport to assert here.

The parties in this action also are not identical to the parties in the DeKalb

Easement Action.  While the Rooker-Feldman doctrine may, in the future, prohibit

the Court from considering Plaintiffs' current claims, the doctrine does not apply at

this time.

## 2.    The Younger Abstention Doctrine

"Federal courts should abstain from exercising their jurisdiction if doing so

would disregard the comity between the States and the National Government."

Wexler v. LePore, 385 F.3d 1336, 1339 (11th Cir. 2004) (internal quotation marks omitted), cert. denied, 127 S. Ct. 934 (2007); accord Younger v. Harris, 401 U.S. 37, 53 (1971). Abstention is predicated on principles of comity and federalism and a "proper respect for the fundamental role of States in our federal system." Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 626 (1986). While initially only applicable to pending state criminal proceedings, the Younger abstention doctrine also applies to civil proceedings implicating important state interests. See Id.; Wexler, 385 F.3d at 1339; Pennzoil, 481 U.S. 1.

Abstention applies under Younger where (1) the state proceeding is "an ongoing state judicial proceeding," (2) the "proceedings implicate important states interests," and (3) there is an "adequate opportunity in the state proceedings to raise constitutional challenges." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

The relief sought in the federal case in which abstention is sought "need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding" for the doctrine to apply. 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003), cert. denied, 540 U.S. 984 (2003). Although Younger abstention usually applies only when the State qua State is involved in the action, a State can

have important state interests even when the parties in the state proceedings are exclusively private parties. <u>Crown Point I, LLC v. Intermountain Rural Elec. Ass'n</u>, 319 F.3d 1211, 1215 (10th Cir. 2003) (condemnation action against easement implicates important state interest); <u>RPD Long Beach v. Tranter-Hare Inv. Bldg. Corp.</u>, No. 1:07-cv-00475, 2008 WL 269444, at *4 (S.D. Oh. Jan. 30, 2008) (<u>Younger</u> abstention applies to dispute implicating state law on the validity of easements).

The Eleventh Circuit has interpreted the <u>Younger</u> doctrine as "preventing federal courts from being the grand overseers of state courts and court-like administration." <u>Wexler</u>, 385 F.3d at 1341. The Eleventh Circuit also has acknowledged that abstention may be appropriate in cases where the plaintiff in the federal case chose not to assert a constitutional defense as a defendant in state court. <u>Id.</u> at 1340. A federal court should assume state procedures are adequate to afford the federal plaintiff a remedy, in the absence of unambiguous authority to the contrary. <u>31 Foster Children</u>, 329 F.3d at 1279.

In this action, there is an ongoing state proceeding that addresses the central question Plaintiffs raise in this action: does Georgia Power have valid easement

rights, and what is its right within the easement to trim trees around its power lines?

This question of easement rights under Georgia law implicates important state interests.  The central question is one regarding the application of Georgia's real property law, especially the existence and scope of rights within an easement. The rights at issue, and the state's interest in them, are especially important because the rights ultimately concern whether electric utility companies may maintain the integrity of power lines to ensure that power is provided to citizens. That is, the DeKalb Easement Case concerns issues that literally affect the welfare and well-being of the community and its residents.

Plaintiffs in this action also have an adequate opportunity to raise their constitutional challenges in the state court proceedings.  To the extent Plaintiffs believe the litigation process mistreated them or that they were abused by the state court or participants in the case, they may seek relief and may assert their constitutional claims in the state court system and its appeal processes, ultimately including petitioning the United States Supreme Court for certiorari.

In short, interests of comity compel the Court to allow the state court processes – here its litigation system – to proceed without federal intervention.  It

is, in fact, possible that Plaintiffs have legitimate claims, and those claims can be considered and addressed by the judiciary of Georgia, a justice system in which this Court has great confidence.  For the Court to decide the issues Plaintiffs raise in this case would interfere with ongoing state proceedings, and abstention by this Court is appropriate.

### C.   Remaining Motions

In light of the Court's decision to abstain from exercising jurisdiction over this case pursuant to the Younger doctrine, it is not necessary for the Court to consider the Defendants' other arguments for dismissal.  It also is not necessary to adjudicate the remaining motions to stay because they are now moot.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Recuse or Disqualify [13] is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that the Pre-Answer Motion to Dismiss by Special Appearance filed by the Honorable Cynthia Becker and the Superior Court of the Stone Mountain Judicial Circuit [2], and the Motion to Dismiss filed by Georgia Power Company, Scott A. Farrow and Brian P. Watt [3]

are **GRANTED IN PART** and **DENIED IN PART**.  The motions to dismiss are granted on the grounds of the <u>Younger</u> abstention doctrine.  In light of this ruling, the motions to dismiss claims other than on the grounds of <u>Younger</u> abstention are **DENIED AS MOOT**.  Plaintiffs may refile their claims arising from the DeKalb Easement Action after the litigation in the state court, including its appeals courts, concludes, if Plaintiffs' claims are not already precluded by decisions rendered in the state court, including by the application of the doctrines of res judicata and collateral estoppel.

      **IT IS HEREBY FURTHER ORDERED** that Defendants' Motions to Stay Proceedings Until Resolution of Defendants' Motion to Dismiss [15, 16] are **DENIED AS MOOT.**

      **SO ORDERED** this 26th day of August 2008.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE